UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PENNY FLEMING

    Plaintiff,
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, the Plaintiff, PENNY FLEMING, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1.    This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.    Plaintiff, PENNY FLEMING (hereinafter "Plaintiff"), is *sui juris*, and a citizen and resident of the state of Illinois.

3.    Defendant CARNIVAL CORPORATION (hereinafter "CARNIVAL") is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material CARNIVAL does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

- 1 -

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S.C. § 1333 because this is a maritime cause of action.

5. At all times material hereto, CARNIVAL has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, CARNIVAL requires fare-paying passengers like Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the CARNIVAL's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. CARNIVAL owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about April 25, 2022, the Plaintiff was injured aboard CARNIVAL's cruise ship CARNIVAL FREEDOM as a result of two hazardous conditions maintained by CARNIVAL in a hallway on Deck 7 while the ship was waiting to leave port to commence its cruise.

12. On the aforesaid date, CARNIVAL owned and/or operated the CARNIVAL

FREEDOM.

## COUNT I - NEGLIGENT MAINTAINANCE OF THE HALLWAY

13. Plaintiff reavers and realleges paragraphs 1 through 12 as if set forth herein.

14. On the aforesaid date, the Plaintiff was walking down an interior hallway on Deck 7 on CARNIVAL FREEDOM waiting for the ship to leave port to commence the cruise.

15. While Plaintiff was walking down the hallway, she was caused to trip and fall on a suitcase that had been allowed to remain on the floor of the hallway near cabin 7371.

16. CARNIVAL failed to exercise reasonable care in the circumstances by failing to keep the walking area on the floor free from obstructions even though it had ample and sufficient time to do so and there were numerous crew members in the area that would have seen the many suitcases scattered about the hallway and cleared the obstructions to the walking area of the floor.

17. The floor in the hallway was made unreasonably dangerous by the presence of numerous suitcases scattered about on the floor of the hallway which created an obstacle course for Plaintiff who tripped and fell on one of the suitcases belonging to another passenger.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL FREEDOM by reason of an unreasonably dangerous passenger hallway on Deck 7 near cabin 7371.

19. The floor or deck was unreasonably dangerous because CARNIVAL delivers all suitcases and luggage of boarding passengers in the hallways which created an obstacle course for Plaintiff to try and walk around and/or CARNIVAL should have known through the exercise of reasonable care in the circumstances that the floor in the area where Plaintiff tripped and fell was unreasonably dangerous due to CARNIVAL's negligent method of delivering luggage to passengers who have boarded the ship while the ship was preparing to leave port.

20. In addition, there was a piece of metal trim along the floor of the wall of the hallway near cabin 7371 which was bent and had razor sharp edges from objects striking the trim. This could have been caused by luggage carts and trolleys and other conveyances used by crewmembers and/or other passengers striking the trim along the wall. The bent trim had sharp jagged knife-like edges which existed for enough time prior to Plaintiff's cruise so that Defendant could have repaired it under the exercise of reasonable care in the circumstances. Plaintiff suffered a deep and severe gash on her right arm when she tripped and fell and hit the knife-like bent up edge of the metal trim.

21. Notwithstanding CARNIVAL's duty as aforesaid, CARNIVAL breached its duty by unreasonably:

   a. Failing to properly maintain a floor on a passenger deck in a reasonably safe, condition, and/or;

   b. Failing to properly and safely train crew members in the care and maintenance of a floor in a passenger hallway on embarkation day, and/or;

   c. Failing to conduct routine safety inspections on a floor in a passenger hallway to determine if the floor was unreasonably dangerous due to tripping hazards for passengers like Plaintiff, and/or;

   d. Failing to assign a sufficient number of crew members to keep a floor in a passenger hallway in a safe condition without suitcases lining the hallway and without a sharp knife-like metal trim on the floor of the hallway, and/or;

   e. Failing to have proper procedures for passengers and their suitcases on embarkation day while they were waiting to go to their cabins which would eliminate a known hazard.

22. At all times material, the dangerous conditions existed for a sufficient period of time that CARNIVAL had constructive knowledge of the dangerous conditions and/or CARNIVAL had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury and/or CARNIVAL engaged

in negligent methods of operation.

23. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to trip and fall in a passenger hallway and suffer a severe gash on her right arm.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was walking carefully and cautiously but still tripped and fell.

25. As a result of the negligence of CARNIVAL as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from CARNIVAL for damages, pre-judgment interest and costs.

## COUNT II - NEGLIGENT FAILURE TO WARN

26. Plaintiff reavers and realleges Paragraphs 1-12 and 19-20 as if set forth herein.

27. Plaintiff was seriously injured when she was caused to trip and fall on a suitcase which was allowed to be placed on a floor in a passenger hallway along with many other passenger suitcases, thereby creating an obstacle course for Plaintiff to try and navigate through while walking through the hallway and then severely cut her right arm on a piece of jagged, bent-up knife-like metal trim on the floor along the wall.

28. In this case, there was no warning signs or cones had been placed in the area alerting Plaintiff to the potentially unreasonably dangerous nature of the hallway in regard to the sharp,

bent-up and twisted metal trim along the wall of the passenger hallway.

29. At all times material, Plaintiff was acting with due care for her own safety.

30. CARNIVAL failed to use reasonable care in the circumstances by failing to warn Plaintiff that there was a sharp, knife-like twisted metal trim at the base of a wall in a passenger hallway near room 7371 on Deck 7.

31. As a result of the negligence of CARNIVAL as aforesaid, Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a brain bleed, a nasal fracture and disfigurement. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. CARNIVAL knew or should have known through the exercise of reasonable care in the circumstances that the floor where Plaintiff tripped and fell was unreasonably dangerous due to the sharp, knife-like piece of bent-up metal trim.

33. The dangerous condition was not open and obvious to Plaintiff.

WHEREFORE, Plaintiff demands judgment from CARNIVAL for damages, pre-judgment interest and costs.

DATED this 26th day of December 2019.

- 7 -

By: */s/ Paul M. Hoffman, Esq.*
HOFFMAN LAW FIRM
Fla. Bar No. 0279897
Attorneys for the Plaintiff
2881 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
Email:pmh@paulmhoffmanlaw.com
Telephone: (954) 707-5040

and

By: */s/ Laurence M. Krutchik, Esq.*
LAW OFFICE OF LAURENCE M. KRUTCHIK, P.A.
Fla. Bar No. 0069449
Attorney for Plaintiff
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Email: LMKAttorney@gmail.com
Telephone: (305) 537-6866