UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 22-CV-22923-KMM

PENNY FLEMING,

 Plaintiff,
v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

 Defendant.
_____/

**DEFENDANT, CARNIVAL CORPORATION'S, ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff, PENNY FLEMING's, Complaint for damages contained in the Complaint, and states as follows:

**ANSWER**

1. Paragraph 1 is denied.

2. Paragraph 2 is denied for lack of knowledge.

3. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 3 is denied.

4. Other than to admit that this Honorable Court has subject matter jurisdiction over this action pursuant to its Admiralty and Maritime jurisdiction, and that venue is proper in this Honorable Court, Paragraph 4 is denied, and specifically denied with regard to the amount in controversy.

5. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 5 is denied.

6. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 6 is denied.

7. With regard to Paragraph 7, Defendant admits only that venue is proper in the Southern District of Florida pursuant to the parties' passenger ticket contract.

8. With regard to Paragraph 8, Defendant admits only that venue is proper in the Southern District of Florida pursuant to the parties' passenger ticket contract.

9. With regard to Paragraph 9, denied.

10. Paragraph 10 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits that the applicable standard is "reasonable care under the circumstances".

11. With regard to Paragraph 11, Defendant admits only that the Plaintiff was a passenger on Defendant's vessel, Carnival Freedom on the date alleged in the complaint. Otherwise, denied.

12. With regard to Paragraph 12, Defendant admits only that it may be deemed the owner and operator of the Carnival Freedom for purposes of this litigation only.

13. Defendant re-affirms and re-alleges the allegations contained in paragraphs 1 through 12, as if set forth in full herein and further alleges:

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21, inclusive of all sub-parts, is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Defendant re-affirms and re-alleges the allegations contained in paragraphs 1 through 12, 19 and 20 as if set forth in full herein and further alleges:

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Defendant does not object to Plaintiff's request for a trial by jury.

35. The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

36. The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

37. Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries. For example, Plaintiff failed to follow the directions and instructions of her doctors and therapist to rehabilitate her injury. Investigation and discovery are ongoing, as Defendant does not have possession of Plaintiff's complete medical records.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, Defendant further affirmatively avers, that Plaintiff's medical expenses are excessive, unreasonable and unnecessary; her past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted and/or which plaintiff was not required to pay.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein are barred or should be accordingly reduced.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges federal maritime law to the exclusion of state law controls this action.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiffs are unable to recover of this Defendant.

## **TENTH AFFIRMATIVE DEFENSE**

For its Tenth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of his damages and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10th, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

DONNISE DESOUZA WEBB, ESQ
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18073 Assistant's Phone
(305) 406-4732 Telefax

By: *s/ Donnise DeSouza Webb, Esq.*
     Donnise DeSouza Webb, Esq
     FLA. BAR NO: 879398

## **SERVICE LIST**

| | |
|---|---|
| DONNISE DESOUZA WEBB, ESQ.<br>ddesouza@carnival.com<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Attorney for Defendant, CARNIVAL | PAUL M. HOFFMAN, ESQ.<br>pmh@hoffmanlaw.com<br>Law Offices of Paul M. Hoffman, P.A.<br>2881 E. Oakland Park Blvd.<br>Ft. Lauderdale, FL 33306<br>Telephone (954) 707-5040<br>Facsimile: (954) 315-1702<br>Attorney for Plaintiff, FLEMING<br><br>LAURENCE M. KRUTCHIK, ESQ.<br>lmkattorney@gmail.com<br>Law Offices of Laurence M. Krutchik, PA<br>7450 SW 172nd Street<br>Palmetto Bay, FL 33157<br>Telephone: (305) 537-6866<br>Attorney for Plaintiff, FLEMING |

[Service via CM/ECF Notice of Electronic Filing]